Peaksox, J.
 

 The-five notes taken in satisfaction for the note of $700, were the property' of the plaintiff’s testator. These notes were converted by the defendant’s intestate for the slaves now in controversy. So the plaintiff has a plain equity to follow the fund, and have the defendant declared a trustee for him in respect to the slaves.
 

 The defendant’s counsel could not deny this equity, and was forced to rest the case upon the statute of limitations. This is a constructive trust, and Equity follows the analogy of the Lawr in respect to the bar of the statute. It is insisted that the writ issued in the action of assumpsit, for the amount of
 
 *415
 
 the notes, was a demand, (which was in September, 1849,) and that the defendant is protected by the statute and more than three years’ adverse possession. A nonsuit was entered, in the action, September, 1853, and the bill was filed, March, 1854. The question is, did the filing of the bill within a year after the nonsuit, prevent the operation of the statute ? If a new action had been commenced within a year, it would not have been barred.
 
 “
 
 Equity follows the Law,” and must give to the filing of a bill within the year, for the same cause of action, the like effect that a new action within the year would have had at law. It is said this might be so, provided the relief prayed for had been an account of the money
 
 that
 
 ought to have been collected on the notes, but as the bill seeks to recover the slaves, it is not for the same cause of action.
 

 The defendant is put in tins dilemma: The demand made by the writ in 1849, either extended to the slaves as an incident or emanation of the cause of action given by the demand, or it was restricted to the money. If the former, then this bill is for the same cause of action, and the principle applies. If the latter, then there has been no demand in respect to the slaves, and consequently there has been no adverse posses-, sion; for it is well settled, that as between principal and agent, bailor and bailee, and the like, the statute does not commence running, and the possession is not adverse, until the relation ends, or there is a demand.
 

 ¥e are satisfied, however, that the cause of action is the same. At Law, the remedy is confined to the value of the notes ; in Equity, it is broader, and the party is allowed to follow the fund in its converted state, as a more adequate remedy for the inj nry; but still it is the same in j nry, or ground of complaint, or cause of action. Equity may give the same relief as is given at Law, or it may give a more adequate relief, and if the legal analog}' is no bar to the former, as a matter of course, it is not a bar to the latter; for although the remedy is different, the injury is the same. The plaintiff is entitled toa decree.
 

 Pee Oueiam:, ' Decree accordingly.